IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL RAY,

                     Plaintiff,                                   OPINION AND ORDER

    v.

                                                       18-cv-606-bbc

ANDREW SAUL,
Commissioner of Social Security,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On January 19, 2019, I granted the parties' joint motion to remand this case for further proceedings before an administrative law judge, pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. #13.  On February 14, 2019, I accepted the parties' stipulation for attorney fees under the Equal Access to Justice Act and awarded plaintiff fees in the amount of $6,850.  Dkt. #20.  Now before the court is a motion filed by plaintiff Michael Ray's counsel, Dana Duncan, for attorney fees, following a favorable decision from the administrative judge on remand.  Dkt. #21.  The commissioner has not opposed the motion.  (I have revised the caption to reflect the fact that Andrew Saul is now the commissioner of Social Security.)

       Counsel reports that he and plaintiff have a contingency fee agreement providing for attorney's fees amounting to 25 percent of an award of past-due benefits.  On remand, the administrative law judge awarded past-due benefits from which the Social Security Administration withheld 25 percent or $12,583.25 for attorney fees.  Counsel has submitted an accounting showing 34 hours in attorney time and 11.65 hours in paralegal time spent on plaintiff's case in this court.  Pursuant to 42 U.S.C. § 406(b), counsel requests an order awarding a fee for court work in the amount of $5,733.25 (equal to $12,583.25 less the previously awarded EAJA fee of $6,850) to be payable out of plaintiff's past-due benefits.

The requested fee is within the statutory cap and the parties' contingency fee agreement, but the court must nevertheless review it to be sure that it is reasonable in light of the character of the representation and the results obtained; the time, labor, and skill required; the attorney's experience, reputation, and ability; and awards in similar cases.  Gisbrecht v. Barnhart, 535 U.S. 789, 807-09 (2002); McGuire v. Sullivan, 873 F.2d 974, 979-83 (7th Cir. 1989).  Here, the requested award is reasonable.  Counsel seeks a total of $5,733.25 in fees for 34 hours of attorney work and 11.65 hours of work by paralegal staff, for an overall average hourly rate of approximately $370.10.  (Attorney Duncan does not identify the specific hourly rate paid for attorney and paralegal work, but presumably the attorneys were paid at a higher rate than the paralegals.)  District courts in this circuit have awarded representative fees that reflect hourly rates as high as $400 to $1,500.  Koester v. Astrue, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing).  See also Richlin Secretary Service Co. v. Chertoff, 553 U.S. 571, 581 (2008) (reasonable attorney fees under EAJA includes paralegal time); Beach v. Berryhill, No. 14-cv-857-bbc, 2017 WL 3275546, at *2 (W.D. Wis. Aug. 1, 2017) (awarding $200 an hour for paralegal work).  Counsel is an experienced attorney who represented plaintiff in this court, reviewed the administrative record, drafted a motion for summary judgment, and prompted and negotiated a stipulated remand, which resulted in a favorable determination below.  In addition, defendant does not oppose the motion.  Accordingly, I will grant counsel's motion for attorney fees in the amount of $5,733.25.

ORDER

IT IS ORDERED that the motion for attorney fees filed by plaintiff's attorney, Dana Duncan, pursuant to 42 U.S.C. § 406(b), dkt. #21, is GRANTED.  The court approves a representative fee award of $5,733.25 to be payable to Dana Duncan out of the statutory fee withheld from plaintiff Michael Ray's past-due benefits.  The remaining $6,850.00 of plaintiff's past-due benefits shall be paid directly to plaintiff Michael Ray.

Entered this 19th day of June, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3